HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACEY ANN FREEMAN,

    Plaintiff,

    v.

CITY OF SEATTLE, et al.,

    Defendants.

CASE NO. C07-0904RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion for partial summary judgment (Dkt. # 20). Neither party has requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS Defendants' motion.

## II. BACKGROUND

Plaintiff Tracey Freeman filed a *pro se* complaint against Defendant City of Seattle ("the City") and six individual City police officers in King County Superior Court

ORDER – 1

on May 14, 2007, alleging, *inter alia*, federal civil rights claims.[1] Defense counsel filed their notices of appearance, specifically reserving objections to personal jurisdiction and sufficiency of process. *See* Notice of Appearance (Dkt. # 2 at 66-67). Freeman hired an attorney, who filed a notice of appearance on May 22, 2007. *See* Notice of Appearance (Dkt. # 2 at 70). Two days later, defense counsel notified Freeman's counsel that none of the individual Defendants had been served. Garcia Decl. (Dkt. # 21), Ex. A.

On June 12, 2007, the Defendants removed this case to federal court. *See* Notice of Removal (Dkt. # 1). In its July 18, 2007 answer to the complaint, the City claimed it was the only defendant because none of the individual Defendants had been served. *See* Answer (Dkt. # 8) ¶ 3. In the August 28, 2007 joint status report, Freeman admitted that none of the individual Defendants had been personally served: "Plaintiff anticipates that the remaining defendants, City of Seattle police officers, will be served no later than October 1, 2007." *See* Joint Status Report (Dkt. # 9) at 4. This did not occur.

Toward the end of the discovery period, on July 2, 2008, one of the individual Defendants, Officer Truscott,[2] appeared in person for a deposition. Though she had not yet been served, she was not served at that time. Six days later, the individual Defendants moved for partial summary judgment on the basis of Freeman's failure to serve them. *See* Def.'s Mot. (Dkt. # 20). Plaintiff voluntarily dismissed her claims against all individual Defendants except Officer Truscott, *see* Notice of Voluntary Dismissal (Dkt. # 28), and first attempted to serve Officer Truscott on July 10, 2008. *See* Carrington Decl. (Dkt. # 27-2), Ex. F. A process server delivered the summons and

---

[1] The lawsuit arises from Freeman's May 18, 2004 arrest. *See* Incident Report (Dkt. # 2 at 54-55). Freeman first filed a lawsuit related to the arrest on March 22, 2006, but that suit was dismissed on November 29, 2006, for failure to prosecute. *See* Docket Sheet (Dkt. # 2 at 75-76). Freeman also filed a complaint against Officer Truscott based on this arrest with the Seattle Police Department. *See* Seattle Police Department Mem. (Dkt. # 2 at 19). The police initiated an internal investigation of her complaint. *Id.*

[2] Since the inception of this case, Officer Truscott married and changed her last name to Givens. This order refers to Officer Truscott by her former name for the sake of consistency with the majority of the documents in the record.

ORDER – 2

complaint to Officer Truscott's work address, leaving the documents with a parole officer. *See id.* Officer Truscott claims she never received those documents. *See* Givens Decl. (Dkt. # 39) ¶¶ 2-3. On August 30, 2008, Officer Truscott was served with the documents at her residence. *See* Carrington Decl. (Dkt. # 52), Ex. F.

### III. ANALYSIS

#### A. Standard of Review on Summary Judgment.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

#### B. Because the Plaintiff Failed to Timely Serve Officer Truscott as Required by Fed. R. Civ. P. 4, Plaintiff's Claims Against Officer Truscott Fail as a Matter of Law.

A court cannot exercise personal jurisdiction over a defendant unless a plaintiff has substantially complied with the service requirements of Fed. R. Civ. P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance, it is irrelevant whether a defendant has actual notice of plaintiff's claims. *Id.*

An individual in a United States judicial district may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual person
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

ORDER – 3

Fed. R. Civ. P. 4(e). Fed. R. Civ. P. 4(m) requires that if a plaintiff does not serve a defendant with a copy of the summons and complaint within 120 days of when the plaintiff filed the complaint, then the court must "dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court must extend the 120-day time period for an "appropriate period" if the plaintiff shows good cause for his or her failure to effectuate service within that time period. Fed. R. Civ. P. 4(m). "Good cause" for failing to effect service within 120 days generally means "that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992).

If the plaintiff does not show good cause for his or her failure to timely serve a defendant, a court has discretion to consider whether an extension of time is warranted under the equities of the case. *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007). In considering the equities of extending the service period, the court may consider factors like "'a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* at 1041 (*quoting Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Expiration of the statute of limitations is one factor for the court to consider, but it does not negate the court's discretion to dismiss the action. *See*, *e.g.*, *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007); *Troxell*, 160 F.3d at 383; *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995).

Freeman acknowledges that she agreed that she would serve Officer Truscott by October 2007, but asserts that she was unable to effectuate service for months after that time because she did not know Officer Truscott's address. Though she was aware that Officer Truscott was employed by the City, she claims that "it was difficult to determine what precinct [Officer Truscott] worked out of." Pltf.'s Opp'n (Dkt. # 27) at 5. Freeman

ORDER – 4

requested Officer Truscott's residential address in an interrogatory to the City, but Defendants did not respond. Freeman also claims that it was difficult to discover Officer Truscott's address because she married and changed her last name. Because of these difficulties, Freeman states that "although the timing is not what [she] would have preferred, she has acted in good faith in attempting to get a good address in which to serve the officer." *Id*. And even if these efforts do not constitute good cause for an extension of the service period, Freeman requests an extension based on the fact that Officer Truscott was aware of the lawsuit from its inception, so she would not be prejudiced by the delayed service.

      The court finds that Freeman's "efforts" to serve Officer Truscott do not qualify as good cause to extend the 120-day service deadline. More than a year ago, Freeman acknowledged that Officer Truscott had not been served and agreed to serve her by October 2007. For most of the time that elapsed since then, there is no indication that any actual efforts to serve Officer Truscott were undertaken – even when Officer Truscott appeared in person for a deposition – until after the Defendants moved for partial summary judgment based on the individual officers' lack of service. Only then did Freeman make a first attempt to serve Officer Truscott, and even then the documents were not delivered to Officer Truscott herself or an authorized agent or substitute. Valid service was not effected until August 30, 2008, approximately 475 days after the complaint was filed and after the deadline for discovery and dispositive motions had passed. Despite Freeman's awareness that Officer Truscott had not been served earlier, and her assurances that service would take place over a year ago, diligent efforts were not undertaken until a much later stage in the proceeding. Freeman's claimed difficulty in locating Officer Truscott does not constitute good cause for the delayed service, especially in light of the fact that Officer Truscott was not served at her in-person deposition.

ORDER – 5

Furthermore, it is undeniable that Officer Truscott would be prejudiced by an extension of the service period at this late stage of the proceedings. That Officer Truscott was aware of *a* lawsuit or the police's internal investigation does not mean that she was aware that Freeman was pursuing claims against *her* in this lawsuit. Discovery has closed and the trial date is fast approaching; Officer Truscott has not had the opportunity to propound discovery and cannot be reasonably expected to prepare for trial in the remaining time. Though Freeman contends that the court could extend the discovery period for Officer Truscott, such an extension would contravene the purpose of service, which is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 671-72 (1996). To provide Officer Truscott a fair opportunity to defend this lawsuit would require essentially restarting all deadlines in this case, which would be prejudicial to the City, which is apparently prepared to proceed to trial as scheduled. *See* Defs.' Reply at 6.

Though a dismissal of Freeman's claims against Officer Truscott would be effectively "with prejudice," because the statute of limitations has expired, the court nonetheless finds that this is the appropriate result after considering the equities of the case. Because Freeman's delayed efforts to serve Officer Truscott demonstrate a lack of any reasonable diligence, and extending the 120-day service period would result in substantial prejudice to the Defendants, the court declines to extend the service period. The court therefore lacks personal jurisdiction over Officer Truscott because Freeman failed to substantially comply with Rule 4, and Freeman's claims against Officer Truscott fail as a matter of law.

ORDER – 6

## IV. CONCLUSION

For the reasons explained above, the court GRANTS Defendants' motion (Dkt. # 20).[3] Officer Truscott is dismissed as a Defendant in this case.

DATED this 17th day of October, 2008.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[3] As a result, Defendants' motion (Dkt. # 37) is MOOT, and the court directs the clerk to remove it from the court's motion calendar.

ORDER – 7